# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TUCKER, | ) 1:09cv1348 LJO DLB |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO REMAND |
| v. | ) |
| | ) (Document 7) |
| ALLSTATE INDEMNITY CO., | ) |
| | ) |
| Defendant. | ) |

On August 21, 2009, Plaintiff John Tucker ("Plaintiff") filed the instant Motion to Remand the Action. The matter was heard on September 25, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. David Milligan appeared on behalf of Plaintiff. Cynthia Mellema appeared on behalf of Defendant Allstate Indemnity Company ("Defendant").

**FACTUAL BACKGROUND**

Plaintiff filed this action in Fresno County Superior Court on October 31, 2008. His complaint states causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing based on Defendant's alleged refusal to pay for the total loss of his truck under his automobile insurance policy. The complaint requests "general, special, economic, and consequential damages," as well as punitive damages, attorneys fees, costs and prejudgment interest. Plaintiff did not request a specific dollar amount, nor did he given any indication of his range of damages.

1  Defendant was served with the complaint on November 24, 2008, and filed its answer on
2  December 23, 2008.
3  On February 25, 2009, Defendant served Plaintiff with its first set of form interrogatories,
4  its first set of requests for admission and a request for a statement of damages.  Declaration of
5  Megan Dunham ("Dunham Dec."), ¶ 3.  Plaintiff did not respond.  Counsel for both parties had
6  numerous telephone conferences between April 15, 2009, and June 18, 2009, though the
7  conversations did not result in Plaintiff serving responses.  Dunham Dec., ¶ 4.
8  On June 18, 2009, Defendant filed a motion to compel responses in Fresno County
9  Superior Court.  Dunham Dec., ¶ 5.  Plaintiff ultimately served his responses on July 8, 2009.
10 Dunham Dec., ¶ 6.  Plaintiff's response to Defendant's request for a statement of damages
11 indicated that Plaintiff sought $100,000.00 in general damages, $125,000.00 in special damages
12 and $500,000.00 in punitive damages.  Exh. F, attached to Dunham Dec.

**DISCUSSION**

A.  Removal Jurisdiction

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The party seeking to invoke federal jurisdiction, bears the burden of establishing jurisdiction.  See Indus. Tectonics, Inc. v. Aero Alloy, 912 F. 2d 1090, 1092 (9th Cir. 1990).

A notice of removal must be filed "within thirty days after the service of summons upon the defendant," OR, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . ."  In diversity cases, the removal must also be within one year of commencement of the action.  28 U.S.C. § 1446(b).

B.     <u>Analysis</u>

In his moving papers, Plaintiff first argues that the notice of removal was untimely because it was filed more than thirty days after the filing of the state court complaint.  At the hearing, however, Plaintiff admitted that Defendant first learned that the action was removable on July 8, 2009, when Plaintiff served his discovery responses and for the first time, indicated that the amount in controversy exceeded $75,000.  As the notice of removal was filed within thirty days of July 8, 2009, is it timely under 28 U.S.C. § 1446(b).

Even though the notice was timely, however, Plaintiff believes that Defendant waived its right to remove by seeking affirmative relief in the state court.  Citing Acosta v. Direct Merchants Bank, 207 F.Supp.2d 1129 (S.D. Cal. 2002), Plaintiff argues that Defendant engaged in voluntary discovery beyond that necessary to determine the amount in controversy and subsequently filed a motion to compel, and that this invocation of the state court's jurisdiction waived its right to remove.

Contrary to Plaintiff's belief, however, "affirmative relief" does not include propounding discovery to determine if the case is removable and then filing a motion to compel when Plaintiff does not respond.  In fact, the state court was the *only* court with jurisdiction until the discovery of the amount in controversy made the action removable.  Nor did Defendant's stipulation to proceed with alternative dispute resolution constitute affirmative relief that would waive the right to remove.  Just as with discovery, Defendant could *only* proceed in state court prior to discovery of the facts giving rise to removal jurisdiction.

Accordingly, Plaintiff's motion and request for fees is DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2009**                    **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE